

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | NO. CR-05-0035-LRS |
| Plaintiff, | ) | |
| | ) | ORDER DENYING REQUEST FOR |
| -vs- | ) | COUNSEL AND MOTION FOR RE- |
| | ) | CONSIDERATION OF SENTENCE |
| MUHAMMED ZBEIDA TILLISY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Muhammed Tillisy (defendant) was convicted of Conspiracy to Commit Credit Card Fraud for which judgment was entered on October 28, 2005 (Ct. Rec. 79). After careful consideration of applicable sentencing guidelines as well as the factors set out in 18 U.S.C. § 3553, a sentence of 51 months was imposed, far below the maximum which could have been imposed. The defendant's appeal to the Ninth Circuit was rejected in the unanimous memorandum decision entered on or about November 17, 2006. The appellate court expressly found that the defendant's sentence was not unreasonable. He was represented by legal counsel at all stages of the proceedings through completion of his appeal.

///
///
///

ORDER - 1

The defendant has filed a Motion For Reconsideration of Sentence (Ct. Rec. 98) based on assertions that his condition, pseudotormor tumor celerbi, was never stable and is continuing to deteriorate. Ct. Rec. 98, at 1. Defendant further asserts that his "condition has become seriously infirm according to BOP medical records." Id. Defendant argues that under U.S.S.G. §5H1.4, he should have received home detention based on his extraordinary circumstances. Defendant requests that the court consider all available documentation and re-sentence him to a reduced term or serve the remainder in home detention.

As a result of the instant motion, the court requested the U.S. Marshal to make oral inquiry with the Bureau of Prisons (BOP) where defendant is housed as to his medical condition. The Marshal was advised that insofar as is presently known, no significant medical intervention has been requested or pursued. Further, at sentencing, the court did consider defendant's condition along with U.S.S.G. §5H1.4. The court has received no documentation regarding defendant's medical deterioration allegations or that the BOP has been asked to treat or was unable to treat defendant. Therefore, based on the information before it, the court must deny defendant's motion for reconsideration of sentence and request for a lesser sentence or home detention as there is indication that the BOP is unable to treat defendant's condition.

The defendant has also filed a Motion to Correct Sentence pursuant to Fed. R. Crim. P. 35(a) (Ct. Rec. 100) along with a request for appointed counsel (Ct. Rec. 99). That Rule provides in material part as follows:

///

ORDER - 2

1       Rule 35 Correcting or Reducing a Sentence:

2           (a)   Correcting Clear Error.   Within 7 days after
            sentencing, the court may correct a sentence that
3           resulted from arithmetical, technical or other clear
            error.

    As can readily be seen, the Rule cited by the defendant does not provide a vehicle for further review and clearly indicates that the motion is untimely.

    The official comments following Rule 35 state, in part, as follows:

            The authority to correct a sentence under this
            subdivision is intended to be very narrow and to extend
            only to those cases in which an obvious error or mistake
            has occurred in the sentence, that is, errors which
            would almost certainly result in a remand of the case to
            the trial court for further action under Rule 35(a).
            The subdivision is not intended to afford the court the
            opportunity to reconsider the application or
            interpretation of the sentencing guidelines or for the
            court simply to change its mind about the
            appropriateness of the sentence. Nor should it be used
            to reopen issues previously resolved at the sentencing
            hearing through the exercise of the court's discretion
            with regard to the application of the sentencing
            guidelines. Furthermore, the Committee did not intend
            that the rule relax any requirement that the parties
            state all objections to a sentence at or before the
            sentencing hearing.

    The defendant now asserts that:

    1.  The current sentence violates the holding of *Apprendi vs. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348 (2000);

    2.  Various convictions used to compute his criminal history were improperly aggregated or counted; and

    3.  The Court should have sentenced the defendant to a lesser term of between 30 and 37 months.

    The defendant has no absolute right to appointed counsel following exhaustion of his criminal appeal(s).  Given his demonstrated

ORDER - 3

articulation of the grounds asserted for relief and the current state of the record as well as the Ninth Circuit holding affirming the sentencing decision made herein, the request for appointed counsel is respectfully **DENIED**.

Because the sentence actually imposed is well below the statutory maximum, no violation of *Apprendi*, *supra*, has occurred. Likewise, the defendant's assertions concerning alleged improper aggregation of points on adult criminal conduct involved matters before the Court at sentencing which are now final. More importantly, the points raised either are without merit or would not result in a change of the defendant's sentence in light of the additional factors set forth in 18 U.S.C. § 3553. Finally, any reference by the Court to a sentence at the low end of the guidelines was made against a factual background and sentencing framework calling for a term of imprisonment much higher than now requested.

The defendant's Motion For Reconsideration of Sentence (Ct. Rec. 98) is **DENIED**. The defendant's request for appointment of counsel (Ct. Rec. 99) and his Motion to Correct Sentence (Ct. Rec. 100) is **DENIED.** The defendant's file shall remain closed.

**IT IS SO ORDERED**. The District Court Executive is hereby directed to file this Order and furnish copies to defendant.

DATED this 12th day of March, 2007.

*s/Lonny R. Suko*

_____
LONNY R. SUKO
UNITED STATES DISTRICT JUDGE

ORDER - 4